UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kyrel L. Coleman, | Case No. 2:24-cv-00764-CDS-MDC |
| Petitioner | **Order Dismissing Action and Closing Case** |
| v. | |
| James Dzurenda, et al., | |
| Respondents | |

This action is a petition for writ of habeas corpus under 28 U.S.C. § 2254, initiated, pro se, on April 22, 2024, by Kyrel L. Coleman, an individual incarcerated at Nevada's High Desert State Prison (HDSP), in Indian Springs, Nevada. Coleman has paid the filing fee for this action and his habeas petition has been filed. ECF No. 1.

I screen the petition as mandated by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition is not presented on the form required by this court, and because, at any rate, it plainly appears that the petition does not assert a claim upon which habeas corpus relief could be granted, I dismiss this action.

Local Rule LSR 3-1 requires that "[a] petition for writ of habeas corpus under 28 U.S.C. § 2254 must be on the form supplied by the court or must be legible and substantially follow either that form or the form appended to the Rules Governing Section 2254 Cases in the United States District Courts." Coleman's petition does not comply with that local rule. As a result, the petition lacks a great deal of critical information, and it is subject to dismissal. However, even as drafted, it is obvious from the face of Coleman's petition that it does not assert a claim upon which habeas corpus relief could be granted.

Information on the website of the Nevada Department of Corrections, a copy of which is attached to Coleman's petition (ECF No. 1 at 3), shows that Coleman is serving a sentence of four to ten years in prison on a conviction of discharging a firearm at a structure or vehicle, and a sentence of two to five years on a conviction of possession of a stolen vehicle. In his petition,

Coleman claims that his constitutional rights have been violated because, as retaliation for his litigation in another case, apparently in state court, he was transferred on April 19, 2024, from the Clark County Detention Center to HDSP. *See* ECF No. 1 at 1, 7.

There is no mention in Coleman's petition of him ever asserting his claim in state court, and, given that he alleges that the event underlying his claim—the transfer to HDSP—only occurred on April 19, 2024, it would have been practically impossible for him to exhaust the claim in state court before initiating this action on April 22, 2024. A federal court generally cannot grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1).

Furthermore, Coleman's claim is not cognizable in a federal habeas corpus action. This Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Coleman does not challenge the legal basis for his custody or the validity or duration of his custody; rather, he challenges the location and conditions of his custody. Such a claim is not cognizable in a habeas corpus action. A challenge to the location or conditions of custody must be brought in a civil rights action under 42 U.S.C. § 1983, not in a habeas petition. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus....") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action … is the proper method of challenging 'conditions of … confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). While I do not mean to comment here on the merits of Coleman's claim if asserted in a civil rights action, I determine that it must be asserted in such an action, if at all.

## Conclusion

IT IS THEREFORE ORDERED that this action is dismissed, without prejudice.

IT IS FURTHER ORDERED that, as reasonable jurists would not find this order to be debatable, the petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send to the petitioner the form for a prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

Dated: April 24, 2024

_____
Cristina D. Silva
United States District Judge